# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        Plaintiff**,**

                              Case Nos. 05-CV-0974
                                         04-CR-78

    -vs-

**RODRIGO PUENTES,**

        Movant.

## DECISION AND ORDER

Rodrigo Puentes ("Puentes") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Puentes alleges three claims in his motion: (1) ineffective assistance of counsel; (2) a defective indictment; and (3) improper sentence enhancement in violation of *United States v. Booker*, 543 U.S. 292 (2005). For the reasons that follow, Puentes' motion is denied.

## BACKGROUND

Puentes was arrested on April 1, 2004 after he attempted to sell almost 600 grams of cocaine to a Confidential Informant. Arresting officers discovered a 40 caliber semiautomatic handgun on his person.

On June 2, 2004 Puentes pled guilty to possession with the intent to distribute 500 grams or more of a mixture and substance containing cocaine (21 U.S.C. § 841(a)(1) (b)(1)) and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)).

Puentes was sentenced to the statutory minimum of five years for each count (consecutive). *See* 21 U.S.C. § 841(b)(1)(B)(viii); 18 U.S.C. § 924 (c)(1)(A)(I). Puentes challenges the second count (possession of a firearm) in the instant motion.

## ANALYSIS

§ 2255 is "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 520 (7th Cir. 2007). A § 2255 motion is not "a substitute for direct appeal." *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Claims not raised on direct appeal cannot be raised in a § 2255 motion unless "a failure to consider the issue would amount to a fundamental miscarriage of justice." *Id.* Accordingly, certain claims are typically allowed in the context of a § 2255 motion, even if they were not raised on direct appeal, including claims for ineffective assistance (*see Fountain* at 433-34) and a defective indictment (*see United States v. Keane*, 852 F.2d 199, 204-05 (7th Cir. 1988)).

Therefore, despite the fact that Puentes did not file a direct appeal, his ineffective assistance and defective indictment claims are not procedurally defaulted. However, his *Booker* claim is procedurally defaulted because *Booker* does not apply retroactively to cases on collateral review. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied* 545 U.S. 1110 (2005) ("*Booker* does not apply retroactively to cases which became final before *Booker* was decided in January 2005"); *Kafo v. United States*, 467 F.3d 1063,

-2-

Case 2:05-cv-00974-RTR   Filed 06/15/07   Page 2 of 6   Document 16

1066 n.6 (7th Cir. 2006) ("*McReynolds* therefore limited *Booker* to cases not yet made final on direct review on *Booker*'s release date of January 12, 2005").[1]

## I. Ineffective assistance

To succeed on his ineffective assistance claim, Puentes must demonstrate that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial." *Fountain*, 211 F.3d at 434. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). In evaluating whether counsel was ineffective, it is not enough to say that in hindsight a more effective strategy could have been used. *Id.* When an ineffective assistance claim is based on the advice to plead guilty, "the defendant must show that there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Puentes fails to satisfy either part of the *Strickland* inquiry.

Puentes argues that his lawyer, Jeffrey Morgan, should have advised Puentes that the indictment was defective. For the reasons stated below, this argument holds no merit because the indictment was not defective.

---

[1] Moreover, Puentes was sentenced to the statutory minimum on each of the charged counts. Even if *Booker* applied retroactively, *Booker* does not give sentencing courts any discretion to disregard a statutory mandatory minimum. *See United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005); *United States v. Bermudez*, 407 F.3d 536, 545 (1st Cir. 2005).

-3-

Puentes also argues that Morgan met with him only four times for a total of approximately twenty-five minutes. However, Morgan told the government that he met with Puentes on at least five occasions and for at least three hours prior to his sentencing.

Even if Puentes' characterization is closer to the truth, it still would not show that Puentes received counsel that fell outside the wide range of reasonable professional assistance. In his own affidavit, Puentes describes how he admitted to Morgan that he was in possession of a firearm at the time of his arrest. Morgan also told Puentes that the government might be interested in helping Puentes if he would act as an informant, but Puentes was not interested. Finally, Morgan told Puentes that if he pled guilty he would likely receive the statutory minimum sentence of five years per count.

Nothing in Puentes' description of the events that led to his guilty plea indicate that Morgan was not behaving as reasonable counsel. Puentes never contested the factual basis for the firearm charge – an unlikely scenario, since Puentes admitted that he was carrying a gun at the time of the arrest. Once Puentes rejected the possibility of cooperating with the Government, Morgan gave Puentes the option of accepting a plea agreement. In his affidavit, Puentes states that "Mr. Morgan was only interested in me helping the government to get a lighter sentence." In reality, this indicates that Morgan was acting in Puentes' best interests by trying to obtain the best possible sentence.

Even if Morgan's performance fell below an objective standard of reasonableness, Puentes cannot demonstrate prejudice. Puentes fails to demonstrate that if Morgan spent more time exploring options or investigating his case (deficient performance), he would have

-4-

plead not guilty. Much of Puentes' argument rests on the assumption that the second count of his indictment is defective and that Morgan should have known this. Since this argument lacks merit, Morgan was correct not to pursue it, and it would not have resulted in a different outcome.[2]

## II.   Defective Indictment

For an indictment to be sufficient it must 1) state all the elements of the crime charged, generally by tracking the statutory language of the offense; 2) adequately apprise the defendant of the nature of the charges so that he may prepare a defense; and 3) allow the defendant to plead the judgment as to a bar to any future prosecutions. *See United States v. Sandoval*, 347 F.3d 627, 633 (7th Cir. 2003).

When reviewing an indictment, the Court must evaluate it on a "practical basis" as opposed to an overly technical analysis. *Id*. Further, "the presence or absence of any particular fact" in the wording of an indictment is not dispositive of the indictment's sufficiency. *Id*.

Puentes argues that the second count of the indictment is insufficient because it does not state the model, manufacturer, or serial number of the gun he was charged with possessing. With respect to this count, the indictment states,

---

[2] In an amendment to his motion, Puentes argues that counsel was ineffective for failure to object to the Court making a finding as to the type of firearm used. However, the Court did not make a specific finding as to the type of firearm.

-5-

> On or about April 1, 2004, In Racine, in the State of Eastern District of Wisconsin,
>
> RODRIGO PUENTES,
>
> the defendant herein, knowingly carried a firearm during and in relation to, and did possess such a firearm in furtherance of, a drug trafficking crime, for which he may be prosecuted in a court of the United States, namely, distribution of cocaine as alleged in Count One of this Indictment.

The indictment tracks the language of 18 U.S.C. § 924(c), which applies to "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The provision Puentes was convicted under does not require a certain make or model of gun. Puentes cites *United States v. Castillo*, 530 U.S. 120 (2000), but *Castillo* dealt with the sentence for using a machine gun during the course of a drug crime. *Id.* at 523. *Castillo* is inapplicable and the second count of the indictment is sufficient.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Puentes' § 2255 motion is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2007.

    **SO ORDERED,**

    **s/ Rudolph T. Randa**
    **HON. RUDOLPH T. RANDA**
    **Chief Judge**